In re Appropriation of Land for Highway Purposes: Long et al., Appellees, v. Director of Highways, Appellant.

(No. 3180—Decided February 21, 1968.)

*Mr. Thomas D. Reilly,* for appellees.
*Mr. John P. Petzold,* for appellant.

Kerns, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County entered upon a directed verdict for the appellees, Virginia and Clem Long, in an action commenced by the Director of Highways, appellant herein, to appropriate land for highway purposes.

On March 15, 1965, the director filed the usual resolution and finding, as well as other related papers, required for the appropriation in fee simple of certain real estate owned by the appellees. The Director of Highways exercised no dominion over the property prior to the time of the filing of the resolution, and the parties to this action agree that the date of "take" was the day of trial.

However, the appellees contend that the activity of the highway department in the immediate area resulted in the rental property being vacated by the appellees' tenants, and that the property was ravaged by fire and vandalism on October 29, 1963.

On June 24, 1966, the appellees filed a motion in the trial court requesting, among other things, that the fair market value of the property for purposes of trial be fixed as of October 29, 1963, prior to the fire, rather than the date of trial.

Although the trial court's opinion suggests a colloquy between court and counsel concerning the issue raised by the motion, there apparently was no *evidence* presented in support of the motion, and the record fails to disclose any order of the court disposing of the motion.

With this posture, the case came on for trial on July 7, 1966, at which time the court advised the jury that the date of evaluation of the subject property should be October 1963.

Thereafter, the appellees presented the testimony of Mr. Clem Long, one of the owners, who stated that he purchased the property on September 18, 1961; that "there was talk of appropriation" at that time but nothing definite; that he purchased the property for $2,500 and added $2,600 thereto by way of improvements; and that the fair market value of the property for income producing purposes as of the date of October 29, 1963, was $8,000. Mr. Long was the only witness to testify on behalf of the appellees, and he submitted no evidence of the conditions existing in the general area prior to October 29, 1963.

Thereafter, the appellant presented two witnesses who attempted to testify as to the value of the property at the time of trial, but objections to their testimony were sustained by the trial court. They later proffered answers out of the presence of the jury to the effect that the property at the time of trial was worth $800.

Upon this record, the trial court directed the verdict for the appellees in the amount of $8,000.

Ordinarily, property taken for public use shall be

valued as of the date of trial, that being the date of take, unless the appropriating authority has taken possession prior thereto, in which event compensation is determined as of the time of the taking. *Director of Highways* v. *Olrich,* 5 Ohio St. 2d 70. The appellees in the present case, while recognizing this general rule of law, seek an exemption from its operation on the ground that the appropriating authority caused the depreciation of the property prior to the time that it was actually taken, and cite the case of *Cleveland* v. *Carcione,* 118 Ohio App. 525, in support of their position.

A perusal of the *Carcione case* graphically shows the reason for the conclusion reached by the court therein, but the present record is completely devoid of any *evidence* which might bring this case within the scope of the rule adopted in that case. Hence, the present appeal necessarily turns upon whether the appellant or the appellees had the burden of presenting evidence which might show facts and circumstances justifying a departure from the usual rule applied in appropriation cases. Ordinarily, one who seeks the benefit of an exemption or exception must show his right to the exemption or exception, and it was the duty of the appellees, therefore, to present such evidence in the present case. While the issues in appropriation cases are limited, such cases are nonetheless adversary in character, and, manifestly, the appellant was under no duty to produce evidence for the sole benefit of the appellees.

Upon the present state of the record, the trial court's conclusion that the property value should be determined as of October 29, 1963, rather than the date of the trial is not supported by any *evidence.*

Accordingly, the judgment must be reversed and the cause remanded to the trial court for an evidentiary hearing and determination of the appellees' motion and for a new trial conducted pursuant to that determination.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.